UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PUBLIC SERVICE MUTUAL INSURANCE COMPANY as Subrogee of VENUS PIZZA, INC.<br>Plaintiff,<br><br>v.<br><br>NUTONE, INC.,<br><br>Defendant. | C. A. No. 10-230-M |

ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

The parties have filed five motions in limine that are currently pending before this Court.[1] The Defendant has filed two motions (ECF No. 51 and ECF No. 52) and the Plaintiff has filed three (ECF No. 59, ECF No. 60, and ECF No. 61). The Court issues the following orders with regard to each of these motions:

Defendant's Renewed Motion in Limine to Exclude all References to the CPSC (ECF No. 51)

The Defendant seeks an order excluding the Plaintiff at trial from making "references to the CPSC inquiry into the 668RP fan, the fan model at issue in this case, and associated correspondence." It cites *McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981) in support of its motions. The Plaintiff objects (ECF No. 63) and asserts that the referenced information is

---

[1] The Defendant had previously filed 5 motions in limine upon which the Court has previously ruled. *See*, Defendant's Motion in Limine regarding Spoliation of Evidence (ECF No. 18); Motion in Limine to Exclude the Wright Group Tests (ECF No. 38); Motion in Limine to Exclude Evidence of Other Incidents (ECF No. 39); Motion in Limine to Exclude References to CPSC (ECF No. 48); Motion in Limine to Exclude Opinion Testimony of First Responders (ECF No. 49). The Court denied each of the motions for reason set forth in text orders dated 7/11/12 (denying ECF No. 18), 1/3/13 (denying ECF No. 38), 1/3/13 (denying ECF No. 39), 12/3/12 (denying ECF No. 48), and 12/3/12 (denying ECF No. 48).

admissible on the issue of notice. This Court agrees with the Plaintiff that the CPSC materials are relevant and admissible on the issue of notice to the Defendant of defects of the Nutone 668RP fan. If the Defendant wants a limiting instruction when the evidence is offered, it should request one at that time. The Defendant's Motion (ECF No. 51) is DENIED.

<u>Defendant's Renewed Motion in Limine to Exclude the Cause and Origin Opinion of Lt. Christopher Leveillee (ECF No. 52)</u>

Defendant NuTone seeks an order excluding the cause and origin opinions of Lt. Christopher Leveillee, who was a member of the Coventry Fire Department Arson Investigation Unit that investigated the fire that is the subject matter of this action. It alleges that Lt. Leveillee should not be allowed to give opinion testimony because he was not disclosed as an expert witness, he is not qualified, and his methodology was unscientific. The Plaintiff responds by alleging that Lt. Leveillee's opinions have been known since his deposition was taken over a year and a half ago; that the Lt. Leveillee is eminently qualified as a fire investigator, a member of the Arson Investigation Unit, and an experienced certified investigator; and his methods and opinions are based on his training and experience and his personal observations. (ECF No. 62.) This Court agrees with the Plaintiff based on the record before it and therefore the Defendant's motion (ECF No. 52) is DENIED.

<u>Plaintiff's Motion in Limine to Preclude Defendant from Raising any Argument Concerning the "Unwinding" of the Ceiling Fan Motor (ECF No. 59)</u>

The Plaintiff asks this Court to preclude the Defendant from offering any argument concerning the "unwinding" of the ceiling fan motor because it alleges that the Defendant's expert refused to agree to the "unwinding" of the motor at the time of a joint destructive examination of the evidence and only proposed the "unwinding" after the parties had completed expert discovery. The Defendant denies that it refused to undertake the "unwinding" and asserts

that it simply did not think it necessary at the time to conduct such a test. (ECF No. 64.) The Plaintiff fails to set forth any specific testimony or evidence that this Court should exclude. It asks that the Court preclude "the Defendant from offering any argument concerning the 'unwinding' of the ceiling motors fan" but offers no specific testimony or evidence that should be excluded. This Court can imagine, based on the record before it, testimony that would be relevant and admissible from the Defendant on this issue. Therefore, this Court will DENY the Plaintiff's motion (ECF No. 59) and will rule on any objections it receives after hearing the specific testimony offered.

<u>Plaintiff's Motion in Limine to Preclude Defendant from Referring to or Relying on Any Alternative Theories Concerning the Cause and Origin of the Fire Which Are Not Supported by Its Experts (ECF No. 60)</u>

The Plaintiff has moved to preclude the Defendant from "relying on or referring to any alternative theories concerning the cause and origin of the fire" that are not supported by expert testimony. More specifically, the Defendant asks this Court to exclude reference to a "rag" or a piece of paper that was found in a different celling fan in the men's bathroom (all agree the fire originated in the women's bathroom and at the time of the investigation there was no rag or paper found in the women's bathroom ceiling fan). The Defendant objects claiming that if there were evidence of the rag in the women's bathroom ceiling fan that "could have caused the fire" and that they will prove that "stuffing a rag or paper into a fan housing, as was found in the men's room, is improper and unsafe and there is no way to exclude the possibility that a similar object was placed into the women's room fan." (ECF No. 66.) Evidence of the rag found in the men's bathroom ceiling fan has no tendency to make the likelihood that a rag was also present in the women's bathroom ceiling fan any more or less probable than it would be without the evidence. Therefore the evidence is irrelevant and not admissible. Fed. R. Evid. 401. Moreover,

any probative value to this evidence (which this Court finds there is none) would certainly be substantially outweighed by the danger of confusing the jury and prejudicing the Plaintiff. Fed. R. Evid. 403. Therefore, to the extent that the Plaintiff's motion seeks to preclude the evidence of the rag in the men's bathroom ceiling fan, that evidence is precluded. To the extent it seeks to prohibit the Defendant's expert from testifying about possible alternative theories for the cause of the fire, such request is denied. *Wilber v. Eberhart*, 977 F.2d 673, 676-677 (1st Cir. 1992). Therefore, the Plaintiff's motion (ECF No. 60) is GRANTED in part and DENIED in part.

<u>Plaintiff's Motion in Limine to Preclude Defendant from Relying on or Referring to Information Contained in any Documents or Materials it Failed to Produce During Discovery (ECF No. 61)</u>

The Plaintiff asks this Court to preclude the "Defendant from relying on or referring to any documents which it failed to produce during discovery, including, specifically its Supplemental Initial Disclosure (dated September 14, 2012)." It claims that it did to have "an opportunity to question fact or expert witnesses regarding the information." The Defendant responds by alleging that the documents in question became relevant after discovery closed due to the opinions of the Defendant's expert, that the documents were timely disclosed, and that in any event the Defendant need not disclose materials that will be used solely for impeachment purposes. (ECF No. 65.) The Court agrees with the position of the Defendant that the material was timely produced pursuant to Fed R. Civ P. 26(a)(1)(A)(ii) and therefore DENIES the Plaintiff's motion. (ECF No. 61.)

IT IS SO ORDERED.

*/s/ John J. McConnell, Jr.*

John J. McConnell, Jr.
United States District Judge

January 18, 2013